IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARY BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-4001-SAC |
| ) | |
| DANNY HYATT, CRST MALONE, INC., ) | |
| and LEXINGTON INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 26). Plaintiff Gary Bailey seeks to amend his complaint to add a prayer for punitive damages and to plead additional facts in support thereof. Defendants Danny Hyatt, CRST Malone, Inc., and Lexington Insurance Company oppose the motion. For the reasons set forth below, Plaintiff's motion is granted.

**I.    Background**

Plaintiff Gary Bailey has brought this action against Defendants Danny Hyatt, CRST Malone, Inc. (hereafter CRST), and Lexington Insurance Company, seeking damages for a motor-vehicle accident in August 2014.[1] Plaintiff filed a notice of service of discovery requests for interrogatories and requests for production made to Defendants Hyatt and CRST on March 2, 2015 (ECF No. 17). Plaintiff requested a copy of CRST's file on Mr. Hyatt in Plaintiff's March 2 discovery requests.[2] The court entered a scheduling order (ECF No. 24) on April 16, 2015. The

---

[1] Pet. at 2-3, ECF No. 1-1.

[2] Pl.'s Mot. for Leave to File Am. Compl. & Mem. of Law in Supp. at 2, ECF No. 26.

scheduling order required that any motions for amendments to the pleadings were to be filed by May 1, 2015.[3] Defendants responded to Plaintiff's March 2 discovery requests on May 5, 2015,[4] at which time CRST produced documentation of Mr. Hyatt's driving record.[5] This documentation allegedly shows that Mr. Hyatt has been cited for numerous traffic violations and that CRST allegedly knew or should have known of Mr. Hyatt's driving record.[6] Plaintiff filed the present motion on June 15, 2015 (ECF No. 26). Plaintiff seeks leave to amend his complaint to add a prayer for punitive damages after learning of Mr. Hyatt's driving history during discovery. Defendants oppose the present motion on the grounds that Plaintiff unduly delayed and the proposed amendments are futile.

## II.     Legal Standard

Fed. R. Civ. P. 15 governs amendments to pleadings. At this juncture, Plaintiff may only amend his complaint if unopposed by Defendants or if given leave by this court to do so.[7] "The court should freely give leave [to file an amended complaint] when justice so requires."[8] "The purpose of [Fed. R. Civ. P. 15(a)] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[9] A district court may refuse to grant leave to amend a complaint "only [upon] a showing of undue delay, undue prejudice to

---

[3] Scheduling Order at 2, 8, ECF No. 24.

[4] Pl.'s Mot. for Leave to File Am. Compl. & Mem. of Law in Supp. at 2, ECF No. 26.

[5] *Id.*

[6] *Id.*

[7] *See* Fed. R. Civ. P. 15(a).

[8] Fed. R. Civ. P. 15(a)(2).

[9] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citing *Hardin v. Manitowoc—Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." [10] When a party seeks leave to amend after the deadline in the scheduling order, Fed. R. Civ. P. 16 is potentially implicated. Under Fed. R. Civ. P. 16(b)(4), "a schedul[ing order] may be modified only for good cause and with the judge's consent." If the motion for leave to amend is filed after the deadline specified in the scheduling order, the movant must show there is "good cause" for the amendments to be permitted out of time.[11] Though the Tenth Circuit has not made a determination as to how district courts should apply Fed. R. Civ. P. 15(a) and 16(b)(4), when a motion for leave to amend is filed after the scheduling order deadline, this district generally applies a two-step approach.[12] The first step is for a district court to make a determination as to whether the motion satisfies the Rule 16(b)(4) "good cause" standard. If "good cause" is shown, the district court's analysis turns to whether the standard under Rule 15(a) has been satisfied.[13]

**III.   Good Cause**

"To establish good cause under Rule 16(b)(4), 'the moving party must show that the amendment deadline could not have been met even if [the moving party] had acted with due diligence.'"[14] "A district court's determination as to whether a party has established good cause

---

[10] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denv.*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[11] *Ayres v. AG Processing Inc.*, No. Civ. A. 04—2060—DJW, 2005 WL 1799261, at *2 (D. Kan. July 22, 2005) (citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990)).

[12] *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, Civ. A. No. 09—2616—KHV—DJW, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010).

[13] *Id.*

[14] *Carefusion*, 2010 WL 4004874, at *3 (quoting. *Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, No. 08—2027—JWL—DJW, 2009 WL 1635894, at*3 (D. Kan. June 11, 2009)).

sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for an abuse of discretion."[15]

On March 2, 2015, Plaintiff served Mr. Hyatt and CRST with interrogatories and requests for production (ECF No. 17). Plaintiff requested "a copy of Defendant CRST Malone's entire file on Defendant Hyatt."[16] CRST provided that file to Plaintiff on May 5. The file included a driving history for Mr. Hyatt.[17] Plaintiff has indicated he was not aware of Mr. Hyatt's driving history until the disclosure by CRST.[18] The Tenth Circuit has indicated that there is a "rough similarity between the undue delay standard of Rule 15 and the good cause standard of Rule 16."[19] Defendants argue Plaintiff unduly delayed because Plaintiff could have obtained portions of Mr. Hyatt's driving record from the Missouri Department of Revenue (MDoR). While Plaintiff may have potentially been able to obtain Mr. Hyatt's driving record from MDoR, this does not mean that Plaintiff failed to exercise due diligence in requesting the same information from Defendants. Plaintiff requested CRST's file on Mr. Hyatt more than one month before the scheduling order was entered and nearly two months before the scheduling order deadline for amendments expired. The court finds that the Plaintiff exercised due diligence based on Plaintiff's efforts to obtain Mr. Hyatt's file from CRST well before the applicable deadlines. Plaintiff has shown that there is "good cause" for modifying the scheduling order.

---

[15] *Carefusion*, 2010 WL 4004874, at *3 (citing *Ingle v. Dryer*, No. 07—00428—LTB—CBS, 2008WL 1744337, at *2 (D. Colo. Apr. 11, 2008) (citing *Burks v. Okla. Publ. Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996))).

[16] Pl.'s Mot. for Leave to File Am. Compl. & Mem. of Law in Supp. at 2, ECF No. 26.

[17] *Id.*

[18] *Id.*

[19] *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009) (internal quotations omitted).

### IV.     Undue Delay

"Undue delay is closely related to undue prejudice."[20] "Lateness by itself does not justify the denial of the amendment."[21]  "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."[22] Defendants' sole justification that Plaintiff unduly delayed is based on the argument that Plaintiff could have potentially obtained the driving records of Mr. Hyatt from the Missouri Department of Revenue (MDoR). For the same reasons previously stated, the court rejects this argument. Plaintiff requested the relevant records from CRST, which did not produce them until after the deadline for amendments to the pleadings had passed.

This case is still early in its proceedings. Discovery is not scheduled to conclude until October 30, 2015. The present motion contains no new theories or causes of action. Defendants have made no assertions that giving leave for Plaintiff to amend his complaint would prejudice Defendants by requiring the Defendants to engage in unforeseen, additional discovery. Importantly, Defendants have not argued that Plaintiff could have asserted punitive damages in the original complaint without the knowledge of the driving record. For the above reasons, this court finds that Plaintiff did not unduly delay.

---

[20] *Mars*, 2012 WL 1288729, at *2. See also *United States v. Sturdevant*, No. 07—2233—KHV—DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008).

[21] *United States v. Sturdevant*, No. 07—2233—KHV—DJW, 2008 WL 4198598, at *2 (D. Kan. Sept. 11, 2008) (citing *Minter*, 451 F.3d at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

[22] *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

## V.      Futility of the Amendment

The party opposing a motion for leave to amend on grounds of futility bears the burden of showing that the amendments are futile.[23] An amendment to a complaint is considered futile if ". . . it is 'patently obvious' that the plaintiff could not prevail on the facts alleged . . . ."[24] The court analyzes a futility argument "as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."[25] A dismissal for failure to state a claim "is inappropriate unless Plaintiff can prove no set of facts in support of [his] claims that would entitle [him] to relief."[26] The court "must accept all factual allegations in the complaint as true and interpret all inferences in the light most favorable to the plaintiff."[27] "The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims."[28] "If findings of fact are required, the claim cannot be dismissed under Rule 12(b)(6) and is not futile."[29]

---

[23] *Boykin v. CFS Enter., Inc.*, Civ. A. No. 08—2249—CM—GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008) (citing *Rural Water Dist. No. 4, Douglas Cnty., Kan. v. City of Eudora, Kan.*, Civ. A. No. 07—2463—JAR, 2008 WL 1867984, at *5 (D. Kan. Apr. 24, 2008)).

[24] *Cohen v. Longshore*, 621 F.3d 1311, 1314-15 (10th Cir. 2010) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[25] *Mars v. Novartis Pharm. Corp.*, No. 11—2555—RDR, 2012 WL 1288729, at *2 (D. Kan. Apr. 16, 2012) (citing *Collins v. Wal—Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007) (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001))).

[26] *Calderon v. Kan. Dept. of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1183 (10th Cir. 1999) (quoting *Dill v. City of Edmond*, 155 F.3d 1193, 1201 (10th Cir. 1998)).

[27] *Id.* (citing also Fed. R. Civ. P. 12(b)(6)).

[28] *Snyder v. Am. Kennel Club*, No. 08—4094—SAC, 2009 WL 395161, at *3 (D. Kan. Feb. 18, 2009) (quoting *Stewart v. Brd. Of Comm'rs for Shawnee Cnty., Kan.*, 216 F.R.D. 662, 665 (D. Kan. 2003) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984))).

[29] *Ayres v. AG Processing Inc.*, No. Civ. A. 04—2060—DJW, 2005 WL 1799261, at *4 (D. Kan. July 22, 2005).

K.S.A. 60-3702(c) governs punitive damage awards under Kansas law. It states, "In any civil action where claims for . . . punitive damages are included, the plaintiff shall have the burden of proving, by clear and convincing evidence **in the initial phase of trial**, that the defendant acted toward the plaintiff with . . . wanton conduct . . . ."[30] Federal Magistrate Judge David J. Waxse held in *Ayers v. AG Processing, Inc.*[31] that the inclusion of "in the initial phase of trial" in K.S.A. 60-3702(c) indicated that a litigant is "not require[d] . . . to come forward with a quantum of proof at the amendment stage."[32] To establish that a defendant acted with wanton conduct, a plaintiff needs to show at trial that "the act was 'performed with a realization of the imminence of danger,' and, second, that the act was performed with 'reckless disregard or complete indifference to the probable consequences of the act.'"[33] But, Plaintiff is not required at this stage to present evidence to support his claim.[34]

Defendants assert that Plaintiff's amendments are futile because the amendments do not "state a claim to relief that is plausible on its face" and because the factual allegation that Mr. Hyatt was speeding is insufficient to support a claim for punitive damages.[35] In *State of Kan. v. Trcka*[36], the Kansas Court of Appeals determined ". . . that for a professional driver to be

---

[30] K.S.A.60-3702(c) (emphasis added).

[31] No. 04—2060—DJW, 2005 WL 1799261, at *3 (D. Kan. July 22, 2005).

[32] *Mars*, 2012 WL 1288729, at *3.

[33] *Adamson v. Bicknell*, 287 P.3d 274, 281 (Kan. 2012) (citing *Reeves v. Carlson*, 969 P.2d 252 (Kan. 1998)).

[34] *Walker v. Axalta Coating Sys., LLC.*, No. 14—2105—JAR, 2015 WL 685834, at *2 (D. Kan. Feb. 18, 2015) (citing *Hollis v. Acoustic Sounds, Inc.*, No. 13—1083—JWL, 2013 WL 4768076, at *2 (D. Kan. Sept.4, 2013) (rejecting argument that proposed claim for punitive damages must fail because it lacked supporting evidence)).

[35] Defs.' Resp. in Opp'n to Pl.'s Mot. to File Am. Compl. at 3, ECF No. 28.

[36] 884 P.2d 434, 437 (Kan. Ct. App. 1994) (defendant's vehicular homicide conviction for hitting and killing highway worker while driving a semi over the speed limit without paying attention was upheld on basis that

oblivious to his surroundings while propelling a semitrailer truck down a highway at 50 to 55 miles per hour [in a 45 miles-per-hour zone] is closer to reckless and wanton conduct than to simple negligence." Here, Plaintiff has alleged that Defendant Hyatt was speeding and not keeping a proper lookout.[37] The assertion by the court in *Trcka* leaves open the possibility that Defendant Hyatt's alleged speeding could potentially support a punitive damages award, if proven. Defendants argue that without Plaintiff alleging facts showing Defendants' state of mind, the claim for punitive damages is futile. But, if the inferences from the alleged facts are to be read in the light most favorable to Plaintiff, it is plausible that Plaintiff could prove that Defendant Hyatt's driving record indicated Defendant Hyatt's wanton conduct when operating motor vehicles or that Defendant CRST was wanton in employing Mr. Hyatt in light of his driving record.

While Defendant Hyatt's driving record may not be sufficient evidence alone to support the award of punitive damages, this court cannot say at this stage in the proceedings that Plaintiff can prove no set of facts that would show the defendants had the requisite state of mind to have their conduct deemed wanton. Defendants point to two instances in which a court dismissed claims for punitive damages in motor-vehicle accident cases.[38] But, both dismissals were at the trial stage of the case proceedings, not at the amendments stage. The court finds that Defendants

---

defendant's "conduct constituted a 'material deviation' from the standard of care which a reasonable person would observe under the same circumstances").

[37] Pet. at 2:11, ECF No. 1-1.

[38] Defendant cited, in his response, to: *Wagner v. Live Nation Motor Sports, Inc.*, 586 F.3d 1237 (10th Cir. 2009) (holding that the jury's verdict on plaintiff's wanton conduct claim should be vacated because there was not a sufficient evidentiary basis to show the conduct was wanton); *Reynolds v. Estate of Stanosheck*, 482 P.2d 440 (Kan. 1971) (affirming the district court's ruling which granted a directed verdict in favor of defendant on basis that the plaintiff did not present sufficient evidence to prove conduct was wanton).

9

have not established that Plaintiff's prayer for punitive damages is futile. That is not to say that the prayer for punitive damages could survive a later dispositive motion. The court merely concludes that to bar an amendment on the basis of futility, it must be established that the claim absolutely could not withstand a dispositive motion.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 26) is granted. Within seven (7) calendar days from the date of this order, plaintiff shall file his amended complaint (ECF No. 26-1) as a separate docket entry in this case.

**IT IS SO ORDERED.**

Dated this 30th day of July, 2015, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge